*516 The Court delivered the following opinion Blackburn, one of the county creditors, obtained a judgment, motion, in the county court of Henderson county,5 against Bilbo, the collector of the county levy» and his! *517 securities'. Upon this judgment, Blackburn sued out a capia:>■ ad satisfaciendum, upon which Bilbo was taken, who, to release his body, gave up property, which was not sold, for want of time. A venditioni exponas issued on the-day of —-commanding the sheriff to sell the estate taken ; upon whiqh he returned, that the defendant, Bilbo, had replevied the debt; and returned the replevy bond with the execution. After the expiration of the three months, to wit: on the first day of February 1806, an execution issued upon the said reple-vy bond, against Bilbo, and the other defendants in error, who were his securities therein. The February term of the county court was held on Monday, the third day of February 1806 ; at which term, no motion was made, either to quash the replevy bond, or the execution which had issued thereon. At the March term 1806, the execution which had issued on the replevy bond was quashed,on motion ; but on what ground, does not appear; and no motiqn was then made to quash the replevy bond it-^elf.
A motion to quafti a replevy bond,cannot be made íubfe-quent to the fir ft court after ¡titling the nr ft execution onthe replevy bond*
Blackburn took out another execution on the replevy bond; which last execution was quashed, upon the motion of the defendants, at the June term 1806 ; but without the defendants even then moving to quash the replevy bond. From a bill of exceptions, at that time made a part of the record, it appears, that the court quashed the execution, upon the suggestion of the defendants, that the replevy bond aforesaid, was prohibited by law, and not obligatory on them. To correct this decision, the plaintiff has resorted to this court.
Whether the replevy bond was strictly legal, or not, the couit certainly erred in quashing the execution, for the cause stated, while the replevy bond itself was permitted to stand. Until the foundation was removed, it was wrong to prostrate the superstructure for want of foundation.
It is true, that in the laws which admit the right of re-plevy generally, there is an exception, that public collectors, sheriffs, &c. shall not be entitled thereto, upon judgments obtained against them, as such. This exception was made for the benefit of plaintiffs recovering such judgments ; and not for their benefit. The plaintiff, for whose benefit the exception was made, might, therefore, have taken advantage of it, and might have objected to *518 the replevy bond ; and. he might have rendered the she=i riff liable to him for. taking it.
Allen, for the plaintiff.
But the defendant having received the benefit of a privilege which the law did not strictly entitle him to ; it is extremely doubtful, whether, after once electing to receive the privilege, and actually enjoying it, to the prejudice of the plaintiff h.e ought to have been permitted, at any time, to object, that he had improperly enjoyed it; when the plaintiff, for whose benefit alone, the objection was created, by law, chose hot to make it. We are of opinion, that the replevy bond was not ipso facto void, but only voidable; and that, consequently, the defen-' dants, if they could be permitted to make the objection at all, ought to have made it within the proper time li-' mited by law. • '
This, they have not done. By the “ act concerning writs of error in certain cases,” passed in 1802 (a), the objection ought to have been made to the replevy bond, and a motion to quash it, at a court between the return, of the replevy bond to the office, and the issuing of the first execution thereon ; or at the first court after issuing of the first execution thereon ; but at no time thereafter —See Lynch vs. Buck and Brander, decided this term. Here, the defendants never moved to quash the replevy bond, At the time the last execution was quashed, there had.been two term^ of the court between the time of sueing out the first execution on the replevy' bond, and the term to which the motion was made ; so that if a motion had then been.made to quash the reple-vy bond, it would not have prevailed. The defendants, by their laches, have lost the; right of. moving to quash ' the bond ; and. the objections which might have existed:, to the bond, are cured,: and consequently, the county court erred in quashing the plaintiff’s' execution, which. had issued thereon.-Judgment reversed,

 Ch. 72, P* J72.